IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES L. PADGETT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-049 |
| | ) | |
| WARDEN TEKETA JESTER, Baldwin State | ) | |
| Prison, | ) | |
| | ) | |
| Respondent.[1] | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss

the petition as untimely. For the reasons set forth below, the Court **REPORTS** and

**RECOMMENDS** Respondent's motion to dismiss be **DENIED**. (Doc. no. 11). Should the

presiding District Judge adopt this Report and Recommendation, the Court will reset the

deadline for both parties to submit their briefs of law and all necessary exhibits with respect to

the substantive grounds of the petition. The Court further **REPORTS** and **RECOMMENDS**

Petitioner's motion for judgment on the pleadings be **DENIED**. (Doc. no. 18.)

---

[1] The Court **DIRECTS** the **CLERK** to update the Respondent on the docket in accordance with the above caption, including terminating Warden Stokes as Respondent, because the only proper Respondent is Teketa Jester, the Warden at Baldwin State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 cases; (doc. no. 17).

I.    BACKGROUND

On June 8, 2021, Petitioner was accused in the Superior Court of Wilkes County of theft by deception and forgery in the third degree.  (See doc. no. 12-1.)  On June 9, 2021, Petitioner, represented by Walton Hardin, Jr., entered a plea under North Carolina v. Alford, 400 U.S. 25 (1970). (Doc. no. 12-2.)  The trial court sentenced Petitioner to serve fifteen years, with the first ten years in confinement and the remainder on probation, and ordered Petitioner to pay a fine of $1,000.  (Id. at 1.)  This disposition was entered on June 14, 2021.  (Id.)

Petitioner did not pursue a direct appeal of his convictions, (doc. no. 12-9, p. 1), but, through counsel, filed a timely motion to modify his sentence on July 6, 2021, (doc. no. 12-3). Following a hearing, the trial court "dismissed" the motion to modify on January 27, 2022, finding Petitioner's sentence was "fair and just" after considering the record.  (See doc. no. 12-4.)  Petitioner also filed a *pro se* motion to withdraw guilty plea on November 15, 2021, (doc. no. 12-5), which the trial court dismissed on January 18, 2022 for lack of jurisdiction because the motion was filed outside the term of court, (doc. no. 12-6).

Petitioner filed his first state petition for a writ of habeas corpus concerning these convictions in the Superior Court of Wilkes County on March 14, 2022.  (Doc. no. 12-7.)  The trial court dismissed the petition one week later for lack of jurisdiction because the petition was not filed where Petitioner was "detained" as required by O.C.G.A. § 9-14-43.  (Doc. no. 12-8.)  Petitioner filed a second state habeas corpus petition in the Superior Court of Monroe County on July 13, 2022.  (Doc. no. 12-9.)  Petitioner filed an amendment and two briefs in support of his petition, (doc. nos. 12-10, 12-11, 12-12), and following an evidentiary hearing, the state habeas court denied relief in an order filed on January 22, 2024, (doc. no. 12-13). Despite filing a timely certificate of probable cause ("CPC") to appeal in the Georgia Supreme

2

Court, (doc. no. 12-14), Petitioner failed to file a timely notice of appeal in the state habeas court, (doc. no. 12-15).  Accordingly, the Georgia Supreme Court dismissed Petitioner's case on December 10, 2024, for failure to comply with O.C.G.A. § 9-14-52(b).  (Id.)  Specifically, the Georgia Supreme Court explained, "Although [petitioner] timely filed an application for a certificate of probable cause in this Court, he filed a notice of appeal in this Court instead of the habeas court."  (Id.)  The remittitur issued on December 30, 2024.  (See doc. no. 15, p. 12.)

Petitioner executed the instant federal habeas corpus petition *pro se* on February 13, 2025, in the Middle District of Georgia.  (Doc. no. 1, p. 17.)  Because Wilkes County is in the Southern District of Georgia, this case was transferred to the Court on February 21, 2025.  (Doc. nos. 4, 5.)  Petitioner raises several claims for relief based on alleged ineffective assistance of trial counsel.  (See generally doc. no. 1.)  Respondent moves to dismiss the federal petition as time-barred under 28 U.S.C. § 2244(d).  (See doc. no. 11.)  Petitioner opposes the motion, arguing he properly filed his appeal regarding his denied state habeas petition to the Georgia Supreme Court, and he is entitled to equitable tolling based on his efforts to timely mail his notice of intent to appeal.  (See doc. nos. 15, 16.)

## II.     DISCUSSION

### A.      The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

   (1)(A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken"). Because Petitioner did not file a direct appeal following his plea and entry of his disposition on June 14, 2021, his conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on July 14, 2021.

4

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, on July 6, 2021, Petitioner filed a motion to modify his sentence, which is a form of collateral review that tolls the AEDPA statute of limitations. See Morgan v. Smith, No. 1:20-CV-00134, 2021 WL 11723132, at *2 (N.D. Ga. July 1, 2021) (concluding "a motion for sentence modification filed pursuant to O.C.G.A. § 17-10-1(f) tolls the statute of limitations for a § 2254 petition" because it "is a form of collateral review by a court"), *adopted by* 2021 WL 11723128 (N.D. Ga. Aug. 17, 2021); see also Depaz v. Brown, No. 4:21-CV-0193, 2023 WL 11960633, at *2 (N.D. Ga. Jan. 13, 2023) (noting "[t]he AEDPA clock was tolled during the pendency of petitioner's motion to modify sentence"), *adopted by* 2023 WL 11960634 (N.D. Ga. Feb. 8, 2023).[2] Because the trial court "dismissed" the motion to modify sentence on January 27, 2022, and Petitioner did not appeal this dismissal within thirty days pursuant to O.C.G.A. § 5-6-38(a), the motion to modify sentence tolled the AEDPA clock period through February 28, 2022.[3]

---

[2] Petitioner also filed a motion to withdraw his guilty plea. (Doc. no. 12-5.) However, because he filed this motion after filing the motion to modify sentence, and the motion to withdraw guilty plea was dismissed prior to a decision on the motion to modify sentence, the Court need not discuss the tolling effect this motion had, if any, on Petitioner's AEDPA limitations period because this period was already tolled during the pendency of the motion to modify sentence.

[3] Because February 26, 2022, which is exactly thirty days after the trial court dismissed his motion to modify sentence, fell on a Saturday, Petitioner had until the following Monday, February 28, 2022, to appeal this dismissal.

Thereafter, the AEDPA limitations period ran for 135 days until Petitioner filed his state habeas petition in Monroe County on July 13, 2022, which again tolled the AEDPA clock. Although Petitioner initially filed a state habeas petition in Wilkes County, this petition had no tolling effect because it was not properly filed, as it was dismissed for being filed in the wrong county. (See doc. nos. 12-7, 12-8.) The Monroe County state habeas court issued its ruling denying relief on January 22, 2024, (doc. no. 12-13), but Petitioner failed to timely file his notice of intent to appeal in the habeas court within the thirty days allowed by O.C.G.A. § 9-14-52(b), resulting in dismissal of the application on December 10, 2024, for failure to comply with O.C.G.A. § 9-14-52(b). (Doc. no. 12-15.)

Because the CPC application was not "properly filed" pursuant to § 2244(d), it had no tolling effect on the AEDPA statute of limitation. See Wade v. Battle, 379 F.3d 1254, 1262-64 (11th Cir. 2004); see also Clemons v. Comm'r, Ala. Dep't Corr., 967 F.3d 1231, 1240-41 (11th Cir. 2020) (explaining post-conviction filing not made in compliance with state procedural rules does not qualify for statutory tolling under § 2244). Petitioner argues his appeal of the denial of habeas relief was properly filed because he timely sent the notice of intent to appeal according to the mailbox rule, but his argument is unavailing because it does not alter the fact that he failed to follow state procedural rules, which is why his appeal was ultimately dismissed by the Georgia Supreme Court. (Doc. nos. 15, 16, 18.)

Thus, the tolling resulting from Petitioner's state habeas proceedings ended on February 21, 2024, the thirty-day deadline by which the notice of intent to appeal was due to the Monroe County state habeas court pursuant to O.C.G.A. § 9-14-52(b). By February 21, 2024, 230 days remained on Petitioner's one-year statute of limitation.

6

Petitioner then waited 358 days from February 21, 2024 - the conclusion of his properly filed state habeas proceedings - to file his federal habeas petition on February 13, 2025, the date which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system. Because Petitioner filed his federal petition well over 100 days after expiration of the one-year statute of limitation, his current federal challenge is statutorily time-barred.

**B.**    **Although His Petition Is Statutorily Time-Barred, The Limitations Period Was Otherwise Reset Under AEDPA, as Petitioner Has Shown That He Is Entitled to Equitable Tolling**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. See 28 U.S.C. § 2244(d)(1)(B)-(D). Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Here, Petitioner has established he is entitled to equitable tolling, which in turn renders the instant § 2254 petition timely for the reasons described below.

**1.**    **The Fundamental Miscarriage of Justice Exception Does Not Apply**

For the sake of completeness, the Court first concludes the fundamental miscarriage of justice exception does not apply. Consideration of an otherwise untimely petition for federal habeas corpus relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able

"(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Petitioner has not shown a miscarriage of justice will occur. Petitioner fails to present any evidence, much less new and reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, he never claims in his petition that he did not commit the offenses of which he was convicted. Rather, his stated grounds for relief allege ineffective assistance of trial counsel. (See doc. no. 1.)

In sum, Petitioner has presented no evidence to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offense for which he was convicted. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency") (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Thus, the fundamental miscarriage of justice exception does not save the petition from dismissal.

### 2.     Equitable Tolling Is Warranted

Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v.

8

Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005));

see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is

typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is

available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d

1219, 1226 (11th Cir. 2003), *aff'd* 544 U.S. 295 (2005).  The petitioner bears the burden of

proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th

Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or

diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr.,

647 F.3d 1057, 1072 (11th Cir. 2011).  Vague or conclusory allegations are insufficient to

satisfy Petitioner's burden to show how he acted with diligence.  Lugo v. Sec'y, Fla. Dep't of

Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014).  As to establishing an extraordinary

circumstance, Petitioner must show a causal connection between the alleged circumstance and

the late filing, San Martin, 633 F.3d at 1267, and the extraordinary circumstance must be

"unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th

Cir. 1999) (*per curiam*).

The instant § 2254 petition is statutorily untimely because Petitioner's appeal to the

Georgia Supreme Court regarding the state court's denial of habeas relief was not properly

filed.  See discussion Section II.A *supra*.  Specifically, Petitioner did not file a notice of intent

to appeal the state habeas court's decision in the state habeas court, as required under O.C.G.A.

§ 9-14-52(b).  However, in his responses to the motion to dismiss and accompanying exhibits,

(doc. nos. 15, 16, 18), Petitioner contends equitable tolling is warranted because he timely

mailed the notice of intent to appeal to the state habeas court, which was inexplicably lost.

(See id.)  Before analyzing this argument, the Court finds a brief discussion of the timeline of

9

events, corroborated by Petitioner's exhibits, is helpful.

### a.   Background

According to the indigent postage form supplied by Petitioner, he mailed the notice of intent to appeal the denial of his state habeas petition to the Monroe County state habeas court on February 12, 2024.  (Doc. no. 16, p. 4.)  Petitioner also mailed his CPC application to the Georgia Supreme Court that same day.  (Id.)  The prison business office received both pieces of mail on February 13, 2024, and approved the indigent postage.  (Id. at 1-2, 4.)  As Petitioner points out, this form is proof that he completed all tasks necessary on his end to place the CPC application in the mail for delivery to the state habeas court.

Petitioner then wrote a letter dated March 28, 2024, to the Monroe County clerk, explaining he had not received the stamped docketed copy of his notice of intent to appeal that he had requested, which he mailed on February 12.  (Doc. no. 15, p. 7.)  This letter also stated he had been notified that his CPC application had been received and filed in the Georgia Supreme Court.  (Id.)  On May 10, 2024, a Monroe County deputy clerk responded to Petitioner's letter, which explained the state habeas court never received his notice of intent to appeal, but nonetheless, Petitioner's case had since been forwarded to the Georgia Supreme Court.  (Id. at 9.)  The May 10th response also stated Petitioner "[did] not need to file anything else at this time because [the state court] [has] already transferred [Petitioner's] case to the [Georgia] Supreme Court."  (Id. at 9-10.)  Petitioner took no further action in light of this response.  (Id. at 4.)

### b.   Analysis

Based on the foregoing series of events, Petitioner claims he is entitled to equitable tolling because he timely filed the notice of intent to appeal, which was lost through no fault

of his own, and reasonably relied on the Monroe County deputy clerk's statement that he did not need to file anything else. (Id.; doc. no. 16, p. 2.) Petitioner also points to his previous complaint to the prison warden about mail being "delayed and missing" to support that the mail containing the notice of intent to appeal was lost. (Id. at 1-2, 6.) Upon thorough review of Petitioner's argument and attached exhibits in support thereof, the Court agrees with Petitioner and finds he is entitled to equitable tolling for 321 days from February 13, 2024, the day the prison business office received his notice of intent to appeal for mailing to the state habeas court, to December 30, 2024, the day the Georgia Supreme Court issued the remittitur on the December 10, 2024 judgment dismissing Petitioner's CPC application. (Doc. no. 15, p. 12.)

First, Petitioner has established he pursued his rights diligently. Significantly, Petitioner must establish "reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (quotations and citations omitted). Here, the above-described series of events shows Petitioner was reasonably diligent because he timely attempted to appeal the denial of state habeas relief and promptly followed up with the state habeas court about his appeal. Specifically, Petitioner first pursed his rights diligently by timely placing the two filings necessary to appeal the state habeas decision in the mail on February 12, which were marked received by the prison office the following day. (Doc. no. 16, pp. 1-2, 4.) The attached indigent postage form contains the address for the notice of appeal sent to the Monroe County Clerk of Court and a separate address for the CPC application, indicating the envelopes were properly addressed. (Id. at 4.)

Then, after a little over a month passed without any updates from the state court, Petitioner exercised diligence by writing the Monroe County clerk to inquire about the status

11

of his notice of intent to appeal.  (Doc. no. 15, p. 7.)  Petitioner wrote this letter only forty-five days after placing the notice of intent to appeal in the prison mailbox.  Cf. Wade v. Dixon, No. 3:23CV4079, 2024 WL 3851115, at *4 n.5 (N.D. Fla. June 20, 2024) (reasoning that waiting for two years before inquiring about status of motion was "not a diligent pursuit of rights"), *adopted by* 2024 WL 3848541 (N.D. Fla. Aug. 16, 2024).  Further, Petitioner was aware of mail delays in the prison, (doc. no. 16, p. 6), further supporting that his decision to follow up with the state court a short time after sending his notice of intent to appeal was an exercise of diligence, see Castillo v. Dixon, No. 20-60797-CIV, 2022 WL 2651623, at *6 (S.D. Fla. July 8, 2022) ("Since [petitioner] understood at the time that, at his facility, documents were often lost in the mail, he had an obligation to follow up on his petition to make sure that it had reached its destination.")

It then took the Monroe County deputy clerk roughly a month and a half to respond to Petitioner.  (Doc. no. 15, p. 9.)  There was nothing Petitioner could have done but wait for a response after he sent his March 28th follow-up letter.  Although Petitioner took no further action after receiving the deputy clerk's response dated May 10th, this inaction was reasonable because the Monroe County deputy clerk informed Petitioner his case had been forwarded to the Georgia Supreme Court and instructed Petitioner "[he] did not need to file anything else at this time." (Id.)  Petitioner's reliance on the deputy clerk's statement was reasonable given her status as a government employee.  In sum, Petitioner's pursuit of his rights was diligent because he timely appealed, followed up with the state court less than two months after filing his appeal, and reasonably relied on the deputy clerk's statement he did not need to file anything further.

Second, the lost notice of intent to appeal was an extraordinary circumstance outside of

Petitioner's control that prevented him from timely appealing the denial of state habeas relief, and in turn, the instant § 2254 habeas petition.  "[L]ost mail may, in extraordinary circumstances, trigger equitable tolling." Castillo, 2022 WL 2651623, at *6.  Here, the lost mail containing Petitioner's notice of intent to appeal rises to the level of an extraordinary circumstance because the exhibits supplied by Petitioner demonstrate its non-delivery was a true anomaly.  (See doc. nos. 15, 16.)  Petitioner mailed his notice of intent to appeal and CPC application on the same day.  (Doc. no. 16, p. 4.)  While Petitioner's CPC application reached its correct destination, his notice of intent to appeal never made it to the Monroe County state court.  (Doc. no. 15, pp. 7, 9, 11.)  Petitioner did not mis-address the envelope containing the notice of intent to appeal because the indigent postage form shows he mailed it to the same mailing address he later used to mail the March 28th follow-up letter, which successfully reached the Monroe County clerk.  (Doc. no. 15, p. 7; doc. no. 16, p. 4); cf. Hill v. Jones, 242 F. App'x 633, 636 (11th Cir. 2007) (*per curiam*) (concluding equitable tolling was unwarranted where petitioner made "[a] garden variety error – misaddressing the notice of appeal[,]" which is what caused his state habeas appeal to be untimely).  Ultimately there is no indication in the record that the lost notice of intent to appeal was due to Petitioner's fault. Rather, the exhibits demonstrate that the lost mail was completely random and unavoidable. (See doc. nos. 15, 16.)  Accordingly, Petitioner's failure to file the notice of intent to appeal in the state habeas court was an extraordinary circumstance that precluded Petitioner from timely filing his state habeas appeal.

Because Petitioner has established the diligent pursuit of his rights and extraordinary circumstances prevented him from timely filing his state habeas appeal, which in turn prevented him from timely filing the instant § 2254 petition, he is entitled to equitable tolling.

13

This period runs from February 13, 2024, the day the prison business office received the notice of intent to appeal for mailing, to December 30, 2024, the day the Georgia Supreme Court issued the remittitur on the December 10, 2024 judgment dismissing Petitioner's CPC application. (Doc. no. 15, pp. 11-12; doc. no. 16, p. 4); Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016) (*per curiam*) ("[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citations omitted)) Accordingly, the AEDPA clock was equitably tolled for 321 days.

Finally, when considering the 321-day period equitably tolled as described above, Petitioner's § 2254 petition is timely. As discussed in Section II.A *supra* regarding statutory tolling, the period between January 22, 2024, the day the state habeas court denied habeas relief, (doc. no. 12-13), and February 13, 2024, was already statutorily tolled during the 30-day appeal window. The limitations period was then equitably tolled for 321 days through December 30, 2024. By this date, Petitioner had 230 days remaining on his one-year statute of limitations, as 135 days ran before he filed his state habeas petition. Petitioner then filed his federal habeas petition on February 13, 2025, which is only 45 days after December 30, 2024. (Doc. no. 1, p. 17.) Therefore, because Petitioner filed the instant federal petition before the 230 days elapsed, Petitioner timely filed his federal habeas petition, and Respondent's motion to dismiss should be **DENIED**. (Doc. no. 11.)

## III. PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS

In this motion, Petitioner presents arguments in favor of the timeliness of his § 2254 petition and requests the Court grant him "a judgment on the pleadings." (Doc. no. 18.) Because the Court denies Respondent's motion to dismiss for the reasons described above and

14

further finds additional briefing on the merits is due, Petitioner's motion for judgment on the pleadings should be **DENIED**.

However, in the last sentence of the motion, Petitioner also requests a hearing about "his arguments on his constitutional violations" and other claims, contradicting his request for a judgment on the pleadings based on timeliness.  (Id. at 2.)  He provides no explanation for why an evidentiary hearing on the merits is necessary other than to summarily request one. Given the arguments about timeliness and his request for the case to be decided in his favor for this reason, the Court liberally construes the motion as one requesting a judgment on the pleadings based on timeliness.  Nonetheless, to the extent Petitioner seeks an evidentiary hearing on the merits, this request should be denied because he provides no argument in support of his request.  Should he seek an evidentiary hearing on the merits, Petitioner may re-file a motion explaining why such a hearing is warranted if he so chooses.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **DENIED**, (doc. no. 11), and Petitioner's motion for judgment on the pleadings be **DENIED**, (doc. no. 18).  Should the presiding District Judge adopt this Report and Recommendation, the Court will reset the deadline for both parties to submit their briefs of law and all necessary exhibits with respect to the substantive grounds of the petition.

SO REPORTED and RECOMMENDED this 5th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA